IN THE INTERMEDIATE COURT OF APPEALS OF WEST VIRGINIA

**CURTIS MORRILL,**
**Claimant Below, Petitioner**

**FILED**
**June 15, 2023**

EDYTHE NASH GAISER, CLERK
INTERMEDIATE COURT OF APPEALS
OF WEST VIRGINIA

**vs.) No. 22-ICA-198**        (BOR Appeal No. 2058210)
                          (JCN: 2021022067)

**LIFEPOINT HOSPITALS, INC.,**
**Employer Below, Respondent**


## MEMORANDUM DECISION

Petitioner Curtis Morrill appeals the September 27, 2022, order of the Workers' Compensation Board of Review ("Board"). Respondent Lifepoint Hospitals, Inc., filed a timely response.[1] Petitioner did not file a reply. The issue on appeal is whether the Board erred in affirming the April 22, 2022, decision of the Workers' Compensation Office of Judges ("OOJ") which affirmed the claim administrator's denial of compensability for Mr. Morrill's claim arising out of Covid-19.

This Court has jurisdiction over this appeal pursuant to West Virginia Code § 51-11-4 (2022). After considering the parties' arguments, the record on appeal, and the applicable law, this Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the Board's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

Mr. Morrill, a maintenance worker at Raleigh General Hospital ("RGH"), tested positive for Covid-19 on March 29, 2021, and was admitted as a patient at that hospital from April 6, 2021, through April 10, 2021, for treatment for Covid-related pneumonia and mild respiratory distress. He was initially treated at RGH by Timothy Lane, D.O.

Mr. Morrill completed a Covid Exposure Questionnaire at the request of his employer, in which he stated he had no known exposure to a Covid-positive patient. The questionnaire is unsigned but is dated March 31, 2021. It states Mr. Morrill worked in many Covid-positive patients' rooms, and that while doing so, he wore a gown, gloves, surgical mask, and a PAPR (powered air-purifying respirator), and washed his hands when he

---

[1] Petitioner is represented by Reginald D. Henry, Esq., and Lori J. Withrow, Esq. Respondent is represented by Jane Ann Pancake, Esq., and Jeffrey B. Brannon, Esq.

finished. Mr. Morrill stated he began having Covid-19 symptoms on March 30, 2021, and tested positive on March 31, 2021. Further, he stated he had no known exposure from any co-worker, and that he had been to the grocery store, but that he wore a mask wherever he went.

Mr. Morrill submitted a WC-1 form, signed on April 9, 2021, stating that he worked as a plumber and maintenance worker and that he contracted Covid-19 while working in hospital rooms occupied by Covid-19 patients. The form was signed by a D.O. at RGH, but the signature was illegible. The physician noted that Mr. Morrill had pneumonia due to Covid-19, and was admitted to RGH, but stated his admission was due to a non-occupational condition. Thereafter, Mr. Morrill submitted an amended WC-1 form, also signed on April 9, 2021, that contained an amended physician's indication that the condition was the result of an occupational disease, stating that Mr. Morrill "most likely acquired Covid-19 while working as a housekeeper" in the hospital, and was "responsible for cleaning rooms vacated by Covid-19 patients." This amended version was signed by Dr. Lane. As discussed below, Mr. Morrill later testified that the amendment was an attempt to correct Dr. Lane's initial misunderstanding regarding Mr. Morrill's occupational exposure.

The claim administrator issued an order dated May 3, 2021, denying Mr. Morrill's claim on the basis that there was no evidence that an injury or disease occurred in the course of and resulting from his employment. Mr. Morrill protested the order.

Mr. Morrill was deposed on August 10, 2021, and testified that he worked in the RGH maintenance department and was the only employee on the night shift during the month of March 2021. He stated he had documentation showing the dates and times he worked and all the work orders from February 26, 2021, to May 10, 2021, which showed the jobs he performed in the rooms of Covid-19 positive patients. He testified that based on these documents, it appeared that he first entered a Covid-19 patient's room on March 5, 2021, to check on the heat. He entered another Covid-19 patient's room on March 23, 2021, to check a mattress. He testified that Dr. Lane's statement on the amended WC-1 form that he cleaned rooms vacated by Covid-19 patients was incorrect. He performed maintenance in patient rooms while patients were present and did not work in the housekeeping department. He did not understand why Dr. Lane initially marked that his condition was non-occupational but stated Dr. Lane later told him he had not been aware that Mr. Morrill was a hospital employee. He testified that once he and Dr. Lane talked about it, Dr. Lane told him he most likely acquired the disease while working at the hospital.

Mr. Morrill testified that he wore personal protective equipment ("PPE") including gloves, a mask, and glasses at all times while he worked at the hospital, but when he entered a Covid-19 patient's room, he was required to wear enhanced PPE, including a gown and the PAPR respirator. He testified that sometimes the gloves he wore in Covid-19 patients'

2

rooms would become compromised or torn by the duct tape that was around the windows of those rooms to seal them for HEPA filtration. He testified that he could be in a Covid-19 patient's room for fifteen minutes to an hour, or even longer, depending on the job.

Mr. Morrill testified that he began feeling unwell on March 29, 2021, and was tested for Covid-19, and later learned the test was positive. His wife tested later that day and was also positive, though she never developed any symptoms. Sometime later, one of their children tested positive. Mr. Morrill testified that he did not believe he contracted Covid-19 from his wife because she worked as a bank teller in an isolated area where she had no direct contact with people. Two of her coworkers tested positive sometime after she did, but he testified that no one was sick at her workplace before she tested positive. He stated that before his diagnosis, they did not attend any community functions and he believed his only exposure was at work.

By order dated April 22, 2022, the OOJ affirmed the claim administrator's denial of the claim, finding that Mr. Morrill had not proven by a preponderance of the evidence that his virus was fairly traceable to his employment as the proximate cause. The OOJ's decision found that Mr. Morrill's testimony was persuasive that he performed maintenance tasks in Covid-19 patients' rooms at RGH. His testimony that he always wore PPE in Covid-19 patients' rooms and was not exposed to any community activities in March 2021 was also found to be reliable. However, the OOJ found that it was not possible to rule out Mr. Morrill's wife as the source of his infection because it was not possible to know how long she was carrying the virus since she was always asymptomatic, and she tested positive at the same time he did. While Mr. Morrill always wore PPE at work, the OOJ found that it was not likely that he wore PPE at home. Therefore, the OOJ found that it was more likely than not that Mr. Morrill contracted Covid-19 at home rather than at work. By order dated September 27, 2022, the Board affirmed the OOJ's decision. It is from the Board's order that Mr. Morrill now appeals.

Our standard of review is set forth in West Virginia Code § 23-5-12a(b) (2022), in part, as follows:

> The Intermediate Court of Appeals may affirm the order or decision of the Workers' Compensation Board of Review or remand the case for further proceedings. It shall reverse, vacate, or modify the order or decision of the Workers' Compensation Board of Review, if the substantial rights of the petitioner or petitioners have been prejudiced because the Board of Review's findings are:
> (1) In violation of statutory provisions;
> (2) In excess of the statutory authority or jurisdiction of the Board of Review;
> (3) Made upon unlawful procedures;
> (4) Affected by other error of law;

(5) Clearly wrong in view of the reliable, probative, and substantial evidence on the whole record; or
(6) Arbitrary or capricious or characterized by abuse of discretion or clearly unwarranted exercise of discretion.

*Duff v. Kanawha Cnty. Comm'n*, 247 W. Va. 550, __, 882 S.E.2d 916, 921 (Ct. App. 2022).

On appeal, Mr. Morrill argues that the Board and OOJ erred by disregarding the medical evidence that stated his Covid-19 was occupational in nature, including the amended WC-1 form. Mr. Morrill further argues that the OOJ's reasoning was flawed in concluding that he more likely than not contracted Covid-19 from his wife rather than at work, because his wife was asymptomatic and tested positive after he did. Moreover, he asserts that the assumption that his use of PPE at work would have prevented him from contracting Covid-19 was also flawed, as we now know that PPE does not absolutely prevent all Covid-19 transmission. As Mr. Morrill was the only night shift maintenance worker at RGH during the month of March 2021, he argues that he had repeated opportunities for exposure to the Covid-19 virus, and as he was not generally exposed to the community during the same time period, it is wholly unreasonable to assume that he did not contract Covid-19 in the course of and as a result of his employment.

Upon review, we find no error in the Board's final order. As we discussed in *PrimeCare Medical of WV, Inc., v. Brittany Foster*, 247 W. Va. 590, 885 S.E.2d 171 (Ct. App., 2023), Covid-19 is generally not compensable, as it is a disease of ordinary life, unless the six factors contained in West Virginia Code § 23-4-1(f) (2021) are met. We held that any decisions by the Board addressing whether a disease of ordinary life follows as an incident of occupational disease "must discuss in detail each of the six factors and address whether the claimant has satisfied his or her burden to prove the presence of each factor." *Id*. at __, 885 S.E.2d at 176. As all factors must be met, if a claimant fails to satisfy one of the factors, then further analysis is unwarranted. Those six factors are:

(1) That there is a direct causal connection between the conditions under which work is performed and the occupational disease; (2) that it can be seen to have followed as a natural incident of the work as a result of the exposure occasioned by the nature of the employment; (3) that it can be fairly traced to the employment as the proximate cause; (4) that it does not come from a hazard to which workmen would have been equally exposed outside of the employment; (5) that it is incidental to the character of the business and not independent of the relation of employer and employee; and (6) that it appears to have had its origin in a risk connected with the employment and to have flowed from that source as a natural consequence, though it need not have been foreseen or expected before its contraction…

4

W. Va. Code § 23-4-1(f). Here, the OOJ's decision clearly analyzed the six-factor test and expressly found that Mr. Morrill did not satisfy the third factor because he could not prove by a preponderance of the evidence that his Covid-19 virus was fairly traced to his employment as the proximate cause. Although Mr. Morrill's work may have placed him at a heightened risk of exposure to Covid-19, he was found to have worn PPE at all times while working, which would have mitigated that risk. However, the likelihood remained that he contracted Covid-19 at home, where he wore no PPE, from his asymptomatic wife, whose exposure and transmissibility dates were unknown. Accordingly, no further analysis was required, and Mr. Morrill's claim could not be found compensable. We find no error, abuse of discretion, or violation of statutory authority in that decision or in the Board's order affirming.

Accordingly, we affirm.

Affirmed.

**ISSUED:** June 15, 2023

**CONCURRED IN BY:**

Chief Judge Daniel W. Greear
Judge Thomas E. Scarr
Judge Charles O. Lorensen